**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

In re: INA Manufacturing Corp.,
d/b/a Deep Draw Manufacturing Co.,

Debtor.

Bky. No. 99-30128-DDO

**ORDER**

Richard J. Hettler,

Appellant,

v.

Civil No. 01-946 (RHK)

John R. Stoebner,

Appellee.

---

Before the Court is the appeal of Richard J. Hettler from an April 19, 2001, Order of United States Bankruptcy Judge Dennis D. O'Brien in the bankruptcy proceeding captioned In re INA Manufacturing Corporation, d/b/a Deep Draw Manufacturing Company, Bankruptcy Court File Number 99-30128. Hettler appeals from Judge O'Brien's Order denying Hettler's motion to "amend" an earlier order dated March 26, 2001. (Notice of Appeal, April 26, 2001 (Bky Doc. No. 116).) The March 26th Order denied Hettler's motion to consolidate various bankruptcy proceedings and adversary proceedings which Hettler contends involve common questions of fact and law.

With respect to appeals from decisions of the United States Bankruptcy Courts, the district courts of the United States have jurisdiction to hear appeals

(1) from final judgments, orders and decrees;



FILED JUL 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUL 24 2001
DEPUTY CLERK

(2) from interlocutory orders and decrees issued under section 1121(d) of Title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees.

28 U.S.C. § 158(a). Hettler's motion to "amend" the March 26, 2001 Order stated that it was brought pursuant to Bankruptcy Rule 9023 and Rule 59(e) of the Federal Rules of Civil Procedure.[1] Rule 59 states that a motion to alter or amend a **judgment** must be made no later than ten days after entry of the judgment. Fed. R. Civ. Pro. 59(e). In the above-referenced bankruptcy proceeding, however, no judgment was entered on March 26, 2001. Rule 59 does not apply to Hettler's request to "amend" the March 26th Order.

The Eighth Circuit has held that a motion seeking reconsideration of a non-final order is properly treated as a motion brought pursuant to Rule 60(b), as opposed to a motion brought pursuant to Rule 59(e). Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). The question, therefore, is whether an order denying consolidation is a non-final order. Although the Eighth Circuit has not addressed this issue, it is well settled in several other circuits that an order denying consolidation is generally not a final appealable order. In re Master Key Antitrust Litig., 528 F.2d 5, 13 (2d. Cir. 1975); NAACP of Louisiana v. Michot, 480 F.2d 547, 548 (5th Cir. 1973); United States v. Chelsea Towers, Inc., 404 F.2d 329, 330 (3d. Cir. 1968). Accordingly, this Court will

[1] Bankruptcy Rule 9023 provides that Rule 59 of the Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code.

treat Hettler's appeal from the denial of his motion to "amend" as an appeal from the denial of a motion under Rule 60(b).[2]

On such an appeal, the only question to be decided by the reviewing court is whether that Rule 60 motion was properly decided; the appeal is not a vehicle for examining the underlying order or judgment. See Broadway, 193 F.3d at 989. Furthermore, the denial of a motion for relief under Rule 60(b) is reviewed only for an abuse of discretion. Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001). Having examined the record related to the Bankruptcy Court's denial of Hettler's motion to "amend" the March 26th Order and Hettler's arguments on appeal, the Court concludes that the Bankruptcy Court did not clearly abuse its discretion in denying Hettler's motion.

Based on the foregoing, **IT IS ORDERED** that the Bankruptcy Court's April 17, 2001 Order is **AFFIRMED**, and Richard J. Hettler's appeal is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: July 24, 2001

RICHARD H. KYLE
United States District Judge

[2] Bankruptcy Rule 9024 makes Rule 60 of the Federal Rules of Civil Procedure applicable to bankruptcy cases. Fed. R. Bankr. P. 9024.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUL 24 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995