**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

In re: INA Manufacturing Corp.,
d/b/a Deep Draw Manufacturing Co.,

Bky. No. 99-30128-DDO

Debtor.

**ORDER**

Richard J. Hettler,

Appellant,

Civil No. 01-946 (RHK)

v.

John R. Stoebner,

Appellee.

---

Before the Court is Richard J. Hettler's Motion, brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for an order amending (in point of fact, reversing) this Court's Order of July 24, 2001. The July 24 Order affirmed an April 19, 2001, Order of United States Bankruptcy Judge Dennis D. O'Brien denying Hettler's motion to "amend" an order dated March 26, 2001 that had denied Hettler's motion to consolidate various bankruptcy proceedings and adversary proceedings that Hettler contends involve common questions of fact and law.

Rule 59(e) of the Federal Rules of Civil Procedure was adopted

to clarify a district court's power to correct its own mistakes in the time



SEP 21 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> period immediately following entry of judgment. Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.

Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations and internal quotation marks omitted). Together with his Rule 59(e) motion, Hettler has submitted an eleven-page, single-spaced affidavit to which are attached sixty pages of exhibits. Hettler's affidavit chronicles events that have transpired between September 1996 and July 2001. The vast majority of the facts set forth in Hettler's August 1, 2001 affidavit -- which Hettler alleges substantiates bankruptcy fraud -- were known to Hettler prior to his appeal of Bankruptcy Judge O'Brien's April 19, 2001 Order. The Court finds no newly discovered evidence presented in a competent form to the Court.

The denial of a motion for relief under Rule 60(b) is reviewed under the abuse of discretion standard. Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001). Hettler's present motion to amend therefore presents the question of whether this Court committed a manifest error of fact or law in deciding that the Bankruptcy Court did not clearly abuse its discretion in denying Hettler's motion for reconsideration of the decision not to consolidate several pending and closed bankruptcy and adversary proceedings. Hettler has failed to establish that the Court has committed such an error.

Based on the foregoing, **IT IS ORDERED** that Hettler's Motion to Amend (Doc. No. 11) is **DENIED**.

Date: September 21, 2001

RICHARD H. KYLE
United States District Judge